UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HECTOR MANUEL TORRES,
    *Plaintiff*,

v.

CAROLYN W. COLVIN, COMMISSIONER
OF THE SOCIAL SECURITY
ADMINISTRATION,
    *Defendant*.

No. 3:16-cv-00809(JAM)

**RULING ON CROSS MOTIONS TO REVERSE AND AFFIRM DECISION
OF THE COMMISSIONER OF SOCIAL SECURITY**

Plaintiff Hector Manuel Torres alleges that he is disabled and cannot work as a result of a combination of physical and mental health impairments, including major depressive disorder, polysubstance abuse, a left shoulder injury, asthma, and obesity. He has brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant Commissioner of Social Security denying his claim for disability insurance benefits and supplemental security income benefits. For the reasons that follow, I will grant plaintiff's motion to reverse the Commissioner's decision (Doc. #22), deny defendant's motion to affirm the Commissioner's decision (Doc. #25), and remand the case for calculation and payment of benefits.

**BACKGROUND**

The Court refers to the transcripts provided by the Commissioner. *See* Doc. #12-1 through Doc. #12-41. Plaintiff is a 55-year-old man who was born in Puerto Rico and cannot read or write in English. He previously worked in landscaping and construction but has not worked since November 1, 2009. His medical records reveal a variety of physical impairments and serious mental health issues, including hallucinations and multiple suicide attempts.

1

Administrative Law Judge (ALJ) Robert DiBiccaro initially denied plaintiff's claim for benefits on September 23, 2011. On appeal, the District Court (*Underhill, J.*) adopted Magistrate Judge Garfinkel's recommended ruling and remanded the case because the ALJ's determination of plaintiff's residual functional capacity (RFC) was not supported by substantial evidence. *See Torres v. Colvin*, 3:13-cv-00553 (D. Conn. 2014), Docs. #17, #18.

On remand, the ALJ again denied plaintiff's claim for benefits. In his decision of March 22, 2016, the ALJ determined that plaintiff did not engage in substantial gainful activity during the relevant time period; that plaintiff suffered from several severe impairments, including major depressive disorder, polysubstance abuse in early remission, left shoulder biceps tendon rupture, and asthma; that plaintiff had the RFC to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), with a number of additional limitations;[1] and that plaintiff was unable to perform any of his past relevant work. Doc. #12-14 at 12–14. Nevertheless, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that plaintiff could perform, and therefore plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at 18.

After the Appeals Council denied plaintiff's request for review, plaintiff filed this second federal action asking the Court to reverse the Commissioner's decision. Doc. #22. In his memorandum, plaintiff argues that (1) the ALJ's finding that plaintiff could perform jobs that exist in significant numbers in the national economy was not supported by substantial evidence, (2) plaintiff's obesity was not properly evaluated, (3) the ALJ erred in failing to seek medical

---

[1] These additional limitations included "occasional use of the non-dominant left upper extremity for reaching overhead and frequent use in other directions; he should avoid concentrated exposure to dust, fumes, gases, chemicals and other environmental irritants; he is limited to occasional interaction with supervisors and co-workers; he should have no interaction with the public; and the job should require less than 30 days to learn, involve only simple instructions and routine, repetitive tasks, and no strict time or production quotas." Doc. #12-14 at 14.

source statements, and (4) the ALJ's RFC finding was not supported by substantial evidence. Doc. #22-1. In response, the Commissioner moved to affirm the Social Security Administration's final decision. Doc. #25. On May 1, 2017, this Court heard oral argument on the parties' motions.

## DISCUSSION

The Court may "set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks and citation omitted); *see also* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (*per curiam*).

To qualify for disability insurance benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months," and "the impairment must be 'of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 45 (2d Cir. 2015) (quoting 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A)). "[W]ork exists in the national economy when it exists in significant numbers either in the region where [a claimant] live[s] or in several other regions of the country," and "when there is a significant number of jobs (in one or more occupations) having requirements which [a claimant] [is] able to meet with his physical or mental abilities and

3

vocational qualifications." 20 C.F.R. § 404.1566(a)–(b); *see also Kennedy v. Astrue*, 343 F. App'x 719, 722 (2d Cir. 2009).

To evaluate a claimant's disability and determine whether he or she qualifies for benefits, the agency engages in a well-established five-step process. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122–23 (2d Cir. 2012). The claimant bears the burden of proving his case at steps one through four; at step five, the burden shifts to the Commissioner to demonstrate that there is other work that the claimant can perform, based on the claimant's RFC, age, education, and past relevant work. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). Specifically, "the Commissioner must determine [at step five] that significant numbers of jobs exist in the national economy that the plaintiff can perform. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by adducing testimony of a vocational expert. An ALJ may rely on a vocational expert's testimony regarding a hypothetical as long as there is substantial record evidence to support the assumption[s] upon which the vocational expert based his opinion." *Id.*

Here, plaintiff contends that the ALJ's step-five conclusion—that there was significant work in the national economy that plaintiff could perform—was not supported by substantial evidence. I agree and find that the Commissioner plainly did not carry her burden. At step five, the ALJ purported to rely on the testimony of vocational expert Susan Howard, who testified on December 2, 2015. The ALJ cited Howard's testimony that an individual with plaintiff's age, education, work experience, and RFC, plus an additional right upper extremity limitation, "would be able to perform the requirements of representative occupations such as: laundry laborer." Doc. #12-14 at 18. In his decision, the ALJ asserted that Howard "used her professional

4

experience to reduce the numbers [of laundry laborer jobs available nationally] to 50,000 to account for the possibility of exposure to chemicals." *Ibid*.

The ALJ did not accurately portray Howard's testimony. Although Howard did initially estimate the number of available laundry laborer jobs at 50,000, after further questioning she ultimately revised her estimate to a mere 756 laundry laborer jobs available nationally and that would be suitable for plaintiff. *See id*. at 63–64 ("Q: All right. And so, so basically you're saying laundry laborer positions are, at your best estimate would be 756 jobs based on the direct proportionality of the, of the numbers? A: Yes. . . . I think it's reasonable to expect that there would be at least that many laundry laborers in the national economy that work in hospitals or hotels where they are not exposed to chemicals as they would be at a laundromat."). Thus, the ALJ's assertion that Howard estimated the number of suitable laundry laborer jobs at 50,000 was not accurate.

The ALJ's step-five conclusion was not otherwise supported by Howard's testimony. Although the ALJ noted in his opinion that there could potentially be "additional jobs for the claimant's residual functional capacity," *id*. at 19, Howard did not identify any such jobs that would be appropriate for plaintiff considering his limitations. Howard initially discussed the job of sandwich board operator but indicated that this job would not be appropriate for someone limited to no interaction with the public. *Id.* at 48. Howard also initially identified the job of dining room attendant, but she later eliminated this as a possibility given plaintiff's limitations, because it requires "constant reaching and handling," as well as occasional interaction with the public. *Id.* at 57, 70.

Although "the term 'significant number' is not statutorily defined and courts have generally found that what constitutes a 'significant' number is fairly minimal," *Rodriguez v.*

5

*Astrue*, 2013 WL 3753411, at *3 (S.D.N.Y. 2013), it is clear to me that 756 laundry laborer jobs nationally does not constitute a significant number. *See, e.g.*, *Hamilton v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 223, 231 (N.D.N.Y. 2015) (5,160 jobs nationally not a significant number); *Hanson v. Comm'r of Soc. Sec.*, 2016 WL 3960486, at *13 (N.D.N.Y. 2016) ("Courts have held that numbers varying from 9,000 upwards constituted 'significant.'"), *report and recommendation adopted sub nom. Hanson v. Colvin*, 2016 WL 3951150 (N.D.N.Y. 2016); *Leonard v. Heckler*, 582 F. Supp. 389, 391 (M.D. Pa. 1983) (4,000 to 5,000 jobs nationwide not a significant number); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) ("the ALJ's finding that 25,000 national jobs is sufficient presents a close call").

Surprisingly, the Commissioner maintains that 756 jobs would constitute a significant number of jobs. But the cases that the Commissioner cites in support of this position address what constitutes a significant number of jobs in the *local* economy, not the national economy, and are therefore inapposite here. *See* Doc. #25 at 6 n.4.

Having concluded that the Commissioner did not carry her burden at step five, I must next decide whether to remand the case for further evidentiary proceedings, or to reverse the Commissioner's decision and remand solely for calculation and payment of benefits. Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, a remand for further development of the evidence is appropriate. But where "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," the Court may reverse and remand solely for calculation and payment of benefits. *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

I find that reversal and remand solely for the calculation and payment of benefits is warranted here. "The Second Circuit has consistently emphasized the importance of the

Commissioner's burden to support her step-five determination with substantial evidence, and has held that a reversal with a remand only to calculate damages is warranted when the ALJ has failed to meet that burden." *Cabreja v. Colvin*, 2015 WL 6503824, at *17 (S.D.N.Y. 2015). *See also Butts v. Barnhart*, 416 F.3d 101, 104 (2d Cir. 2005) (holding that it was not an abuse of discretion to remand for further proceedings where Commissioner failed to meet her burden at step five, but noting that "the ordering of a benefits calculation was hardly out of the question"); *Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000) (remanding for sole purpose of calculating benefits where Commissioner failed to meet step-five burden), *superseded by statute on other grounds*; *Balsamo v. Chater*, 142 F.3d 75, 82 (2d Cir. 1998) (same, and noting that Commissioner must show good cause for failure to incorporate evidence in prior proceeding); *Sanchez v. Colvin*, 2015 WL 4390246, at *18 (E.D.N.Y. 2015) (collecting cases and explaining that "if the court determines that a claimant has met his burden of showing disability at the first four steps, and the Commissioner has failed to meet her burden of rebuttal, a court may remand for further proceedings or may remand solely for calculation of benefits."); *Fortier v. Astrue*, 2012 WL 3727178, at *17 (D. Conn. 2012) (remanding solely for calculation of benefits when "the Court has the benefit of testimony from the vocational expert that there are no jobs existing in significant numbers in the national economy for someone with Plaintiff's limitations to perform"), *report and recommendation adopted*, No. 10–CV–1688 (D. Conn. May 29, 2012) (unpublished ruling and order).

Plaintiff's claim has been pending for more than seven years and was already remanded by the District Court once before. I am not persuaded that the Commissioner deserves a third opportunity to carry her burden. *See, e.g.*, *Marble v. Barnhart*, 2006 WL 407551, at *3 (E.D.N.Y. 2006) (finding that fairness required remand solely for calculation of benefits, where

7

Commissioner had failed to carry her burden at step five and claim was ten years old); *Curry*, 209 F.3d at 124 (noting that plaintiff's application had been pending more than six years); *Balsamo*, 142 F.3d at 82 (noting that plaintiff's application had been pending for more than four years).

## CONCLUSION

Plaintiff's motion to reverse the Commissioner's decision (Doc. #22) is GRANTED, and defendant's motion to affirm the Commissioner's decision (Doc. #25) is DENIED. Because I conclude that the ALJ's step-five error on its own warrants reversal, I need not reach the other claims of error raised by plaintiff. The case is remanded solely for calculation and payment of benefits.

It is so ordered.

Dated at New Haven this 3rd day of May, 2017.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge